UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BOBBIE J. PETERSON,
               *Plaintiff-Appellant,*

v.

PIEDMONT TECHNICAL COLLEGE; DR.
LEX WALTERS,
               *Defendants-Appellees.*

No. 00-1631

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry R. Herlong, Jr., District Judge.
(CA-98-3567)

Submitted: October 31, 2000

Decided: November 20, 2000

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bobbie J. Peterson, Appellant Pro Se. Charles J. Boykin, Thomas
Kennedy Barlow, DUFF, DUBBERLY, TURNER, WHITE &
BOYKIN, L.L.C., Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Bobbie Peterson worked as a secretary at Piedmont Technical College (PTC) in South Carolina for twenty-two years before her employment was terminated in 1998. Peterson, who is black, filed this action asserting that her transfer to another position in January 1998 and her termination in November 1998 were motivated by racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e-5 to 2000e-17 (West 1994 & Supp. 2000). The district court entered summary judgment against Peterson on the recommendation of the magistrate judge. Both concluded that, even assuming that Peterson established a prima facie case of discrimination, she did not satisfy this court's requirement that she have evidence showing PTC's reasons for the disputed actions were pretextual, and that the real motive was discrimination—the so-called "pretext plus" standard. *See generally Vaughn v. Metrahealth Cos.*, 145 F.3d 197, 202 (4th Cir. 1998).

The Supreme Court has held recently that such a pretext plus requirement does not accurately describe the plaintiff's burden in withstanding a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097 (2000). But we conclude that the district court's decision must still be affirmed.

First, we note that the issue of Peterson's termination is not properly before the Court. Peterson's complaint to the Equal Employment Opportunity Commission dealt only with her transfer, and was filed before the termination. Therefore, the district court lacked jurisdiction over any complaint of discrimination regarding her termination. 42 U.S.C. § 2000e-5(e)(1); *see Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996).

As to the transfer, Peterson has failed to make out a prima facie

case of discrimination. As she has put forth no direct evidence of discrimination, Peterson's prima facie case is assessed under the *McDonnell Douglas\* method of proof. In this case, Peterson must establish: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) at the time of the adverse action she was performing up to her employer's expectations; and (4) other similarly situated employees who are not members of the protected class did not suffer the same adverse action. See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). Peterson's transfer to a position with equal pay, benefits, seniority and responsibility as in her prior position does not qualify as an adverse employment action. *See Boone v. Goldin*, 178 F.3d 253, 255-56 (4th Cir. 1999) (holding that reassignment can only support a Title VII claim if the reassignment had "significant detrimental effect").

As Peterson has not successfully supported a prima facie claim of employment discrimination, we affirm the judgment of the district court. Her conclusory allegations of bias against the district judge entitle her to no relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

\**McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).